

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SCANSOURCE, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:05-1134-26 |
| | § | |
| BLUE MARTINI SOFTWARE, INC., | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REMANDING CASE *SUA SPONTE***

**I.     INTRODUCTION**

This is a breach of contract action. The case is before the Court, *sua sponte*, for a determination as to whether it has jurisdiction over the matter. Having carefully reviewed the Notice of Removal, the Complaint, and the applicable law, it is the judgment of this Court that it does not have subject-matter jurisdiction over the action. Hence, this case shall be remanded to the Greenville County Court of Common Pleas for adjudication.

**II.     PROCEDURAL HISTORY**

Plaintiff filed its Summons and Complaint with the state court on March 1, 2005. Subsequently, on April 15, 2005, Defendant filed its Notice of Removal. Plaintiff has not filed a motion to remand.

**III.     STANDARD OF REVIEW**

A federal court's jurisdiction under the removal statutes amounts to an infringement upon state sovereignty. *See Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F.Supp. 444, 445 (M.D.N.C. 1982).

To insure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil,* 313 U.S. at 109. In fact, the Fourth Circuit maintains that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Hence, removal is warranted only when absolutely essential under federal law.

**IV.     DISCUSSION**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, it follows that a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*. 28 U.S.C. § 1447(c).

"Despite the applicability of the general rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity action is more limited than jurisdiction over diversity of citizenship cases originally brought in federal court." 14B CHARLES

2

ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998). "Special difficulties arise when the amount in controversy is not apparent from the plaintiff's state court complaint. . . . Some courts have looked to the defendant's notice of removal . . . others have made an independent appraisal of the monetary value of the plaintiff's claim . . . , and other courts simply have remanded the action to the state court from which it was removed." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 (3d ed. 1998).

For the Court to make an independent appraisal of the monetary value of Plaintiff's claims appears to this Court to be an incorrect application of the law. To engage in such an undertaking would not only eviscerate the removing party's burden of establishing the existence of the jurisdictional amount in controversy, *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."), but it is also an inefficient use of scarce judicial resources. For the Court to remand the case to the state court without some inquiry, however, is an equally unsatisfactory approach. Therefore, in the opinion of this Court, the most judicious route is for the Court to review Defendant's Notice of Removal for evidence that Defendant has demonstrated that the Court has diversity jurisdiction over the matter.

Although the Fourth Circuit has not adopted a specific standard of proof for the Court to employ when determining whether the amount in controversy exceeds $75,000, this Court's jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future. Thus, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, [this Court] lack[s] diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

In the instant case, the amount in controversy is not apparent from the face of the Complaint. In the prayer for relief, Plaintiff states:

> WHEREFORE, Plaintiff prays for an Order awarding the following damages against the Defendant:
> a. All direct, actual, special, incidental and consequential damages;
> b. Punitive and exemplary damages;
> c. Statutory damages;
> d. Attorney's fees and costs of this action;
> e. Interest at a reasonable rate of return;
> f. Such other relief as the Court deems just and proper;

Nevertheless, in Defendant's Notice of Removal, Defendant maintains that "[t]he event in controversy in this matter exceeds the sum or value of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs."

Simply stated, Defendant's statement, without more, is inadequate to establish that the amount in controversy exceeds the jurisdictional amount.[1] Therefore, since the removing party has not presented a sufficient factual basis for the Court to make an informed decision as to whether Plaintiff can or cannot recover damages in excess of $75,000 in this case, it has failed to bear the burden of establishing that the Court has jurisdiction over the matter for purposes of removal. Accordingly, the case must be remanded.

---

[1] The Court is well aware that some courts have found that, when an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of $75,000. According to those courts, these requirements are satisfied when actual and punitive damages are sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal. However, for the Court to presume that the jurisdictional amount is met under these circumstances appears to this Court to be in direct contradiction to well settled law that 1) there is a strong presumption against removal jurisdiction, and 2) any uncertainties are to be resolved in favor of remand. 28 U.S.C. § 1447. Moreover, the Court is of the firm opinion that it was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship. Accordingly, the Court declines to follow the practice of those courts.

4

**V.      CONCLUSION**

In light of the foregoing discussion and analysis, the Court concludes that it does not have subject-matter jurisdiction over the case at bar because Defendant has failed to establish that the jurisdictional amount has been satisfied.  Therefore, in the opinion of the Court, this matter must be **REMANDED** to the Greenville County Court of Common Pleas, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

Signed this 18th day of April, 2005 in Spartanburg, South Carolina.


/s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE